IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

MARQUAVIOUS DANIELS,                )
                                    )
            Plaintiff,              )
                                    )
    v.                              )        CV 124-197
                                    )
AMAZON and ATTORNEY ADIAN           )
MILLER,                             )
                                    )
            Defendants.             )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). On November 4, 2024, the Court denied Plaintiff's motion to proceed IFP without prejudice and ordered him to re-submit an IFP motion. (Doc. no. 4, pp. 1-3.) The Court further ordered him to amend his complaint on a standard employment discrimination form provided to him within twenty-one days to correct certain pleading deficiencies. (Id. at 3-9.) The Order informed Plaintiff that "[the amended complaint] will supersede and replace in its entirety the previous pleading filed by Plaintiff." (Id. at 8 (citing Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case")).

In response, Plaintiff submitted a motion to proceed IFP, which the Court grants in a simultaneously entered Order, and an amended complaint. (Doc. nos. 5, 6.) The amended complaint is now before the Court for screening.

## I.    SCREENING THE AMENDED COMPLAINT

### A.    BACKGROUND

Plaintiff names the following Defendants: (1) Adian Miller, an attorney for Amazon, and (2) Amazon. (Doc. no. 6, pp. 1, 2.) Although the portion of the complaint form reserved for explaining the facts of Plaintiff's case is blank, Plaintiff attached a one-paragraph statement of claim to the end of the form titled "Amended Complaint," as well as several related documents. (Id. at 4-5, 7, 8-22.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff was "wrongfully terminated" by Amazon on October 15, 2023 "while on accoumadation [sic] approved by the company." (Id. at 5-7; see also id. at 8.) Plaintiff had accommodations due to a previous injury. (Id. at 7.) Plaintiff's accommodation period began on September 29, 2023, and was supposed to last until October 30, 2023. (Id.) However, he was terminated in the middle of this period because he "was told to work full duty or lift more than required" despite having accommodations and providing the proper documentation to prove his accommodation. (Id.) Plaintiff was planning to retire with Amazon "until this tragic matter occurred." (Id.) Amazon offered Plaintiff $7,000 for his termination. (Id. at 4.) Plaintiff obtained a Notice of Right to Sue letter on August 15, 2024. (Id. at 5.) For relief, Plaintiff seeks monetary damages. (Id. at 5, 7.)

Plaintiff attached a letter from Amazon to his amended complaint confirming the date of his involuntary termination as October 15, 2023. (Id. at 8.) He also attached a screenshot showing a list of documents filed in EEOC case number 410-2024-00864, including a

document typed as "Closure Notice/NRTS," dated August 15, 2024  (Id. at 9-10.)[1]  He included a job accommodation report, which states Plaintiff's accommodation request was approved and provides "[w]ork not more than 6 hours per shift" and lists an end date of October 7, 2023.  (Id. at 13.)  This report also indicates Plaintiff was employed by Defendant Amazon as a fulfillment associate.  (Id.)  Plaintiff also attached an email providing Amazon "will proceed with exploring accommodations based on" Plaintiff not lifting over five pounds, which had a corresponding end date of October 27, 2023.  (Id. at 20.)

Plaintiff also appended two "Work Status / Restrictions Form[s]" dated January 3, 2023, and July 31, 2023, respectively, from Nova Medical Centers.  (Id. at 17, 22.)  Both forms list November 13, 2022, as Plaintiff's date of injury and describe that Plaintiff injured his right "rib/chest area" after a "heavy metal part fell off from a conveyor belt."  (Id.)  The July 31 form provides a push/pull restriction of no more than forty pounds.  (Id. at 17.)  The remainder of the attached documents include screenshots of Plaintiff's Amazon human resources online portal, (id. at 12, 14-15, 18), emails, (id. at 11, 19, 21), a webpage titled "Wrongful Termination Due to Disability," (id. at 16).

## B.    DISCUSSION

### 1.    Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H

_____

[1] Plaintiff did not attach the Notice of Right to Sue letter to his amended complaint.  The Court is aware he attached a Notice of Right to Sue letter to his originally filed complaint.  (Doc. no. 1, pp. 7-10.)

& S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

###### 2.    Plaintiff Fails to State a Claim Against Defendant Miller Under Title VII and the ADA

Plaintiff has brought Title VII and ADA claims against Defendant Miller, an attorney for Amazon, in addition to Amazon, his past employer.  (See generally doc. no. 6.)  However, neither Title VII nor the ADA permit individual liability.  See Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (stating "[i]ndividual capacity suits under Title VII are [] inappropriate" and explaining "[t]he relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act"); Fodor v. D'Isernia, 506 F. App'x 965, 966 (11th Cir. 2013) (per curiam) ("We have held that individual employees are not subject to liability under . . . ADA.").  Thus, Plaintiff's individual capacity claims are inappropriate, and the only proper defendant is the employer or supervisory employees in their official capacities as agents of the employer.  See Busby, 931 F.2d at 772.

Moreover, to the extent Plaintiff names Defendant Miller in his official capacity as a supervisory employee,[2] his claims are redundant because he has already named the employer, Amazon.  See Busby, 931 F.2d at 776; Wheeles v. Nelson's Elec. Motor Servs., 559 F. Supp. 2d 1260, 1267 (M.D. Ala. 2008) ("However, when a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action." (citations omitted)).  Thus, Plaintiff's Title VII and ADA claims against Defendant Miller in either capacity are inappropriate or redundant, and Defendant Miller should be dismissed from this case.

###### 3.    Plaintiff Fails to State Any Valid Title VII Claims

In addition to checking the complaint form box for the ADA, Plaintiff checked the box for Title VII on his amended complaint.  (Doc. no. 6, p. 3.)  He further checked the boxes for

---

[2] Plaintiff provides no facts about Defendant Miller's involvement in his claims beyond stating Defendant Miller is an "[a]ttorney for Amazon."  (Doc. no. 6, p. 1.)

wrongful termination and retaliation.  (Id. at 4.)  However, Plaintiff solely alleges claims about discrimination on the basis of his alleged disability.  (Id. at 4.)  In contrast, Title VII protects against discrimination on the basis of race, color, gender, religion, or national origin, not disability.  See 42 U.S.C. § 2000e et seq.; see also Scott v. Shoe Show, Inc., 38 F. Supp. 3d 1343, 1357 n.23 (N.D. Ga. 2014) (concluding plaintiff's "Title VII claims based on her alleged disability are due to be dismissed" because "Title VII does not proscribe disability discrimination, nor does it give protected status to disabled persons" (citing Harris v. Potter's House Family & Child. Treatment Ctr., No. 1:13-cv-2563, 2013 WL 5436775, at *1 (N.D. Ga. Sept. 27, 2013))).  Because Plaintiff only alleges discrimination based on a disability, he fails to allege any Title VII claims.  Accordingly, his Title VII claims should be dismissed.

## II.  CONCLUSION

Accordingly, for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims against Defendant Miller, as well as his Title VII claims against Amazon, be **DISMISSED** for failure to state a claim upon which relief may be granted.  In a companion Order, the Court allows Plaintiff's ADA claims against Amazon to proceed.

SO REPORTED and RECOMMENDED this 4th day of March, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA