IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MARQUAVIOUS DANIELS,                  )
                                      )
            Plaintiff,                )
                                      )
      v.                              )        CV 124-197
                                      )
AMAZON and ATTORNEY ADIAN             )
MILLER,                               )
                                      )
            Defendants.               )
                        _____

**O R D E R**
                        _____

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss an amended complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

I.      **SCREENING OF THE AMENDED COMPLAINT**

      A.      **Background**

Plaintiff names the following Defendants:  (1) Adian Miller, an attorney for Amazon, and (2) Amazon. (Doc. no. 6, pp. 1, 2.) Although the portion of the complaint form reserved for explaining the facts of Plaintiff's case is blank, Plaintiff attached a one-paragraph statement of claim to the end of the form titled "Amended Complaint," as well as several related

documents.  (Id. at 4-5, 7, 8-22.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff was "wrongfully terminated" by Amazon on October 15, 2023 "while on accoumadation [sic] approved by the company."  (Id. at 5-7; see also id. at 8.)  Plaintiff had accommodations due to a previous injury.  (Id. at 7.)  Plaintiff's accommodation period began on September 29, 2023, and was supposed to last until October 30, 2023.  (Id.)  However, he was terminated in the middle of this period because he "was told to work full duty or lift more than required" despite having accommodations and providing the proper documentation to prove his accommodation.  (Id.)  Plaintiff was planning to retire with Amazon "until this tragic matter occurred."  (Id.)  Amazon offered Plaintiff $7,000 for his termination.  (Id. at 4.)  Plaintiff obtained a Notice of Right to Sue letter on August 15, 2024.  (Id. at 5.)  For relief, Plaintiff seeks monetary damages.  (Id. at 5, 7.)

Plaintiff attached a letter from Amazon to his amended complaint confirming the date of his involuntary termination as October 15, 2023.  (Id. at 8.)  He also attached a screenshot showing a list of documents filed in EEOC case number 410-2024-00864, including a document typed as "Closure Notice/NRTS," dated August 15, 2024 (Id. at 9-10.)[1]  He included a job accommodation report, which states Plaintiff's accommodation request was approved and provides "[w]ork not more than 6 hours per shift" and lists an end date of October 7, 2023.  (Id. at 13.)  This report also indicates Plaintiff was employed by Defendant Amazon as a fulfillment associate.  (Id.)  Plaintiff also attached an email providing Amazon "will proceed

---

[1] Plaintiff did not attach the Notice of Right to Sue letter to his amended complaint.  The Court is aware he attached a Notice of Right to Sue letter to his originally filed complaint.  (Doc. no. 1, pp. 7-10.)

with exploring accommodations based on" Plaintiff not lifting over five pounds, which had a corresponding end date of October 27, 2023. (Id. at 20.)

Plaintiff also appended two "Work Status / Restrictions Form[s]" dated January 3, 2023, and July 31, 2023, respectively, from Nova Medical Centers. (Id. at 17, 22.) Both forms list November 13, 2022, as Plaintiff's date of injury and describe that Plaintiff injured his right "rib/chest area" after a "heavy metal part fell off from a conveyor belt." (Id.) The July 31 form provides a push/pull restriction of no more than forty pounds. (Id. at 17.) The remainder of the attached documents include screenshots of Plaintiff's Amazon human resources online portal, (id. at 12, 14-15, 18), emails, (id. at 11, 19, 21), a webpage titled "Wrongful Termination Due to Disability," (id. at 16).

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has arguably stated facts sufficient to survive the initial screening of his ADA claims. Particularly, Plaintiff arguably stated sufficient facts for ADA claims of discrimination based on his wrongful termination, a failure to accommodate his disability, and retaliation. Frazier-White v. Gee, 818 F.3d 1249, 1255 (11th Cir. 2016) (a *prima facie* claim under ADA requires allegations Plaintiff is (1) disabled; (2) a qualified individual as defined in the statute; and (3) was subjected to unlawful discrimination because of his disability); Parker v. Econ. Opportunity for Savannah-Chatham Cnty. Area, Inc., 587 F. App'x 631, 633 (11th Cir. 2014) (*per curiam*) (citing Stewart, 117 F.3d at 1287) ("To establish a *prima facie* case of retaliation under the ADA, a plaintiff must show that: (1) [he] engaged in a statutorily protected expression; (2) [he] suffered an adverse employment action; and (3) there was a causal link between the adverse action and [his] protected expression."); Meyer v. Sec'y, U.S. Dep't of Health & Hum. Servs., 592 F. App'x

786, 792 (11th Cir. 2014) (*per curiam*) (noting Plaintiff's request for reasonable accommodation constitutes protected activity).

Accordingly, process shall issue as to Defendant Amazon.  In a companion Report and Recommendation, the Court recommends dismissal Plaintiff's claims against Defendant Miller, as well as his Title VII claims against Amazon**.**

## II.    INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendant Amazon.  The United States Marshal shall mail a copy of the amended complaint, (doc. no. 6), and this Order by first-class mail and request that Defendant waive formal service of the summons.  Fed. R. Civ. P. 4(d).  Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).  A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver.  Fed. R. Civ. P. 4(d)(3).  However, service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case.  Fed. R. Civ. P. 4(m).  Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate Defendant to effect service.

**IT IS FURTHER ORDERED** Plaintiff shall serve upon the Defendant, or upon its defense attorney(s) if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court.  Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendant or its counsel.  Fed. R. Civ. P. 5; Loc. R. 5.1.  Every pleading shall contain a caption setting forth the

name of the court, the title of the action, and the file number.  Fed. R. Civ. P. 10(a).  Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendant.  Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action.  Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.  The defendant shall ensure Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address.  Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution.  Fed. R. Civ. P. 41; Loc. R. 41.1.  If Plaintiff wishes to obtain facts and information about the case from the defendant, Plaintiff must initiate discovery.  See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery).  Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants.  See Fed. R. Civ. P. 33.  Interrogatories shall not contain more than twenty-five questions.  Id.  Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party.  Discovery

materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Loc. R. 26.5.

Plaintiff must maintain a set of records for the case.  If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service.  "Failure to respond shall indicate that there is no opposition to a motion."  Loc. R. 7.5.  Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion.  Loc. R. 7.5, 56.1.  A failure to respond shall indicate that there is no opposition to the motion.  Loc. R. 7.5.  Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case.  That burden cannot be carried by reliance on the conclusory allegations contained within the complaint.  Should a defendant's motion for summary judgment be supported by

affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these:  any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 4th day of March, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA